JOHN R. LONG v. ROBERT P. SINCLAIR.

*Measure of damages in action on covenant of seizin.*

Long bought one-fourth of a quarter-section of land for $350, but took possession of the whole quarter-section, for all of which he afterwards suffered judgment in ejectment, and he elected to

pay its value, which was adjudged to be $800. *Held* that in an action on the covenant of seizin in the deed to him he could recover only $200 in the absence of any showing that the forty-acre lot which he bought was worth any more than either of the other forties in the quarter-section.

There is no actual eviction where one who recovers in ejectment elects to take the value of the land. Defendant does not lose possession nor his right to the land, and payment of the value does not constitute a subsequent purchase, but is merely by way of perfecting the title. But the recovery amounts to a technical eviction sufficient to support an action on the covenant of seizin in the deed to the defendant.

Case made after judgment from the Superior Court of Grand Rapids. Submitted April 11. Decided April 15.

Assumpsit. Plaintiff had judgment below.

*D. E. Corbitt* for plaintiff. It was held the same as an eviction where a covenantee, to avoid being dispossessed, bought an elder and better title before final judgment, *Turner v. Goodrich*, 26 Vt., 709; the measure of damages on the covenants of a deed to one who has suffered judgment in ejectment and who has bought in the better title, is the purchase money and interest and costs of the ejectment suit. *King v. Kerr*, 5 Ohio, 154.

*E. S. Eggleston* for defendant. A grantee who extinguishes a paramount title for less than he paid for the land, ought, in an action on the covenants, to recover only what he paid. *Leffingwell v. Elliott*, 8 Pick., 455: 10 Pick., 204; *McGary v. Hastings*, 39 Cal., 369; *Loomis v. Bedel*, 11 N. H., 74; *Turner v. Goodrich*, 26 Vt., 709.

Cooley, J. The plaintiff counts upon a breach in the covenant of seizin contained in a deed of conveyance of a certain forty-acre lot of land, constituting one-quarter of a certain quarter section, which defendant executed to him many years since. The consideration mentioned in the deed was $350. It appears that plaintiff entered into possession of the whole quarter section, claiming

the whole as owner, and made valuable improvements thereon; that one John McFee then brought ejectment against him for the whole, claiming title; that plaintiff having filed his claim in that suit for the value of his improvements, the value was assessed at $4,500, and the value of the land without the improvements at $800; that thereupon McFee elected to abandon the land to plaintiff on payment of the value exclusive of the improvements, and that plaintiff paid the sum of $800 so assessed.

It is not disputed that plaintiff, under these circumstances, is entitled to recover, but the proper extent of his recovery is in dispute. Plaintiff claims that he should recover the whole purchase price—$350—and interest from the date of his purchase; while defendant insists that he is entitled to recover only what it has cost him to perfect the title, which in this case must be taken to be $200, there being no evidence that the forty acres purchased of defendant was of greater value than either of the other forties on the quarter section. This last was the view taken by the circuit court.

The general rule is not disputed that a vendee whose title proves defective, and who buys in an outstanding title or right to perfect it, is limited in his recovery to what he has paid to make good his title; but it is claimed that the facts in this case make out a case of eviction and of subsequent purchase; in which case the sum paid on the last purchase is not suffered to limit the recovery on the covenants in the first deed. *Martin v. Atkinson*, 7 Geo., 228.

But this is not such a case. Plaintiff never lost his land. There was a technical eviction, such as would permit him to sue on his covenant, but what he paid was paid to perfect his title, and not by way of a new purchase. He never surrendered possession, and was never in position where he had lost his rights in or to the land. McFee could not evict him without making payment for his improvements; and that he elected not

to make. The case does not differ from one where the outstanding title is bought in before any trial of its validity, except that, in that case, the party buying it in would take upon himself the burden of proving that it was such a title as constituted a breach of covenant.

In the court below defendant consented to a judgment for $228. There is nothing in the record to show that this was insufficient. The judgment must be affirmed with costs.

The other Justices concurred.